FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

FEB 10  3 04 PM '93

RALPH L. DELOACH.
CLERK
BY_____,DEPUTY
AT TOPEKA, KS.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MIKE M. NDEFRU, )
 )
        Plaintiff, ) CIVIL ACTION
 )
v. ) Case No. 92-4121-DES
 )
KANSAS STATE UNIVERSITY, )
 )
        Defendant. )
 )
_____)

## MEMORANDUM AND ORDER

This matter was originally before the court on defendant's motion to dismiss the plaintiff's pro se complaint for failure to state a claim on which relief may be granted (Doc. 3). See Fed. R. Civ. P. 12(b)(6). Plaintiff subsequently amended his complaint, rendering the defendant's first motion moot. Defendant then filed a second motion to dismiss (Doc. 20), together with a supporting memorandum contending that the defendant is immune under the Eleventh Amendment from suit for damages in federal court. It is this motion that is presently before the court for disposition.

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted, plaintiff's allegations must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff. Mitchell v. King, 537 F.2d 385, 386 (10th

AO 72A
(Rev. 8/82)

Cir. 1976). The court may not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The allegations of plaintiff's amended complaint are summarized as follows. Plaintiff was a graduate research assistant at Kansas State University. While pursuing his doctorate degree in chemistry, he participated in a research project undertaken by the university's chemistry department. Plaintiff has allegedly completed his course work and his written examinations. However, his research advisor rejected his proposed topic for his oral examination. Plaintiff complained to university officials, alleging violations of departmental regulations. Shortly thereafter, the research advisor searched plaintiff's office without his consent. Two days later, plaintiff was dismissed from his research group. He was advised to look for another research advisor, join another research group, or move to another university. Plaintiff was dissatisfied with the university grievance process, which resulted in a decision in favor of the university. He then filed his amended complaint.

Plaintiff alleges the university deprived him of a property interest and a liberty interest without due process, and portrayed him negatively to the extent that his character has been defamed and his reputation has been destroyed. He seeks money damages from the university for damaging his career, defamation of character, invasion of privacy, and mental suffering, all pursuant to 42 U.S.C. § 1983.

AO 72A
(Rev. 8/82)

The United States Supreme Court has held that the Eleventh Amendment prohibits suits in federal court against states for damages, unless the state waives its immunity. See Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1560 (10th Cir. 1992)(citing Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)). Congressional enactment of 42 U.S.C. § 1983 did not abrogate states' Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 342 (1979). State universities in Kansas governed by the state Board of Regents function as alter egos of the state, and thus share its Eleventh Amendment immunity. Brennan v. University of Kansas, 451 F.2d 1287, 1290-91 (10th Cir. 1971); Billings v. Wichita State University, 557 F. Supp. 1348, 1350 (D. Kan. 1983). Kansas State University, as a state institution under the jurisdiction of the Kansas Board of Regents, is therefore immune from suit for damages under the Eleventh Amendment. See Seibert v. State of Oklahoma ex rel. University of Oklahoma Health Sciences Center, 867 F.2d 591, 594 (10th Cir. 1989).

The state has not waived its Eleventh Amendment immunity from suit in federal court by enactment of the Kansas Tort Claims Act, K.S.A. 75-6101 et seq. See, e.g., Billings v. Wichita State University, 557 F. Supp. at 1351. The Act's waiver of sovereign immunity extends only to suits in state court. Id.

Furthermore, as this court has previously held, a state university is not a "person" who may be sued for alleged violations of 42 U.S.C. § 1983. Wrenn v. State of Kansas, 561 F. Supp. 1216, 1220 (D. Kan. 1983). Although the Tenth Circuit Court of Appeals has not addressed this specific issue, the majority of courts in

3

AO 72A
(Rev. 8/82)

other circuits that have done so have also held that a state university is not a "person" for purposes of 42 U.S.C. § 1983. See generally Kevin W. Brown, Annotation, Public Institutions of Higher Learning as "Persons" Subject to Suit Under 42 U.S.C.S. § 1983, 65 A.L.R. Fed. 490, § 4[a] (1983 & Supp. 1992).

**IT IS BY THE COURT THEREFORE ORDERED** that the defendant's motion to dismiss the amended complaint for failure to state a claim upon which relief may be granted (Doc. 20) is hereby granted.

**IT IS FURTHER ORDERED** that the defendant's initial motion to dismiss (Doc. 3) is moot.

**IT IS FURTHER ORDERED** that all claims against Kansas State University are hereby dismissed with prejudice.

Dated this _10_ day of February, 1993, at Topeka, Kansas.

DALE E. SAFFELS
United States District Judge

DES:JLG

4